IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BEATTY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 10-2229 |
| BAC HOME LOANS SERVICING, LP, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Gregory Beatty, proceeding *pro se*, brings the pending action against Defendant BAC Home Loans Servicing, LP for breach of contract arising out of payment issues related to his residential mortgage loan. Beatty and BAC have both moved for summary judgment. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant BAC's Motion for Summary Judgment (ECF No. 22) is GRANTED and Plaintiff Beatty's Motion for Summary Judgment (ECF No. 12) is DENIED.

BACKGROUND

On April 24, 2009, Plaintiff Gregory Beatty ("Beatty") received a residential mortgage loan of $224,574 by executing a Note and Deed of Trust (the "Deed") secured by his property in Randallstown, Maryland (the "Property"). On or about June 1, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary of the Deed, assigned the Deed to Defendant BAC Home Loans Servicing, LP ("BAC").

1

BAC received Beatty's full July 2009 mortgage payment of $1,602.40 on July 21, 2009. BAC subsequently received two payments of $820.00 on July 30, 2009 and August 17, 2009, which amounted to Beatty's full August 2009 mortgage payment. BAC mistakenly applied the July 30 payment to Beatty's loan principal, however, instead of his August mortgage balance. As a result, Beatty appeared to fall behind on his mortgage, and BAC instituted foreclosure proceedings against him at some point thereafter. BAC eventually realized the error, though, and corrected the issue. On August 2, 2010 BAC dismissed the foreclosure suit against Beatty.

In November 2009 and December 2009, BAC conducted two "drive-by" inspections of the Property. These inspections led BAC to believe that Beatty had abandoned the Property. BAC therefore notified Beatty's homeowner's insurance company, Homesite Indemnity Company of the Midwest ("Homesite"), of the apparent abandonment. On December 11, 2009, Homesite notified Beatty of the impending cancellation. On December 30, 2009, Beatty called BAC and informed them that the Property was not vacant, but instead that he was living at the Property while renovating part of it. Nonetheless, Homesite cancelled Beatty's homeowner's insurance on February 2, 2010 due to "physical changes in the property after issuance . . . which result in the property becoming uninsurable in accordance with underwriting standards at the time the policy was issued," and because the "property [was] no longer owner occupied." Beatty Reply, Ex. 8 at 4-5. BAC asserts that "it appears that the cancellation of the homeowners policy was a miscommunication which BAC immediately corrected upon information from the Plaintiff that he was still living at the Property." Answer ¶ 8. When Beatty did not obtain replacement homeowner's insurance, BAC exercised its option under the Deed to purchase Lender-Placed insurance.

2

On August 16, 2010, Beatty filed the pending action against BAC for breach of contract. Beatty alleges that BAC "broke the agreement" by "misapplying" his mortgage payments "from June 2009 to April 2010." Compl. at 2. Beatty also alleges that BAC "broke the agreement" by cancelling his homeowner's insurance policy with Homesite, which Beatty claims left him uninsured. Notably, as of the time the pending lawsuit was filed, Beatty owed BAC over $10,000 in back mortgage payments but remains in possession of the Property.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

When both parties file motions for summary judgment, as here, the court applies the same standard of review to both motions, with this Court considering "each motion separately on its own merits to determine whether either [side] deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003); *see also havePower, LLC v. Gen. Elec. Co.*, 256 F. Supp. 2d 402, 406 (D. Md. 2003) (citing 10A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2720 (3d ed. 1983)).

ANALYSIS

Beatty's Complaint appears to allege two separate claims for breach of contract. The first is based on BAC's alleged misapplication of his June 2009 through April 2010 mortgage payments, and the second is based upon the cancellation of his homeowners insurance. Both parties have moved for summary judgment on these claims. As the parties' arguments overlap to a significant degree, and for the sake of clarity and brevity, the parties' claims and arguments will be discussed together in the following sections, with the understanding that each motion will be considered on its own merits.

I. **Applicable Contract Provisions**

To establish a cause of action for breach of contract in Maryland, a plaintiff must allege that a contractual obligation exists and that the defendant has breached that obligation. *See Continental Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977). At deposition, Beatty claimed that BAC breached provision O of the Deed and provisions 6(b) and (c) of the Note. Provision O appears in the "Definitions" section of the Deed, and states:

> "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

Robinson Aff., Ex. B. Section 6 of the Note is titled "Borrower's Failure to Pay as Required" and provisions (B) and (C) state:

> (B) Default
>
> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
>
> (C) Notice of Default

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Robinson Aff., Ex. B. The provisions Beatty cite do not impose contractual obligations on BAC, but instead obligate Beatty to pay his mortgage on time and retain BAC's right to accelerate the loan in the case that Beatty defaulted. Thus, these provisions do not support a breach of contract claim premised upon BAC's misapplication of Beatty's mortgage payment or the loss of his homeowner's insurance. Accordingly, Beatty has not identified a valid basis for a breach of contract claim against BAC.

## II. Alleged Misapplication of Mortgage Payments

Beatty's Complaint alleges that BAC misapplied eleven months of mortgage payments, from June 2009 through April 2010. However, in subsequent filings Beatty claimed BAC misapplied seven months of payments and four months of payments. *See* Beatty Reply at 1; Beatty Mot. Summ. J. ¶1. At deposition, Beatty stated that BAC misapplied only seven payments, the payments from June 2009 through December 2009. Beatty Dep. at 38. Regardless of which payments Beatty claims BAC misapplied, he has supplied no evidence as to any mishandled payments other than the July 30, 2009 payment. Thus, Beatty has not produced evidence that BAC misapplied more payments than the July 30, 2009 payment. Accordingly, Beatty has failed to establish that there is a genuine issue of material fact as to his allegations that BAC violated Beatty's contract by misapplying eleven months of mortgage payments.

In contrast, BAC has produced loan records showing that Beatty's July 30, 2009 mortgage payment was the only payment it misapplied, and that BAC ultimately corrected this

5

error. These records also demonstrate that Beatty has missed a number of payments on his loan over the past two years, and that he has not made any payments since September 30, 2010. Accordingly, BAC has shown that there is no genuine issue of material fact that Beatty's payments were applied properly after July 30, 2009.

### III.     Alleged Insurance Violation

Beatty's Complaint contends that BAC's drive-by inspection of his home breached the terms of the Note and the Deed. The Deed states that "Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements upon the Property." Schiller Aff., Ex. B. BAC has presented evidence that Beatty's mortgage was in arrears in November 2009, and that this provided it reasonable cause to inspect the Property. Moreover, the evidence Beatty has submitted shows that Homesite cancelled Beatty's homeowner insurance policy, not BAC. Though it appears that it was BAC's fault that Homesite cancelled the Policy, and that BAC did not do enough to correct this error, BAC acted within its contractual rights when it conducted two drive-by inspections of Beatty's property.

Finally, to the extent Beatty intends to claim that BAC's purchase of Lender-Placed insurance on his behalf was a breach of contract, this claim cannot succeed because the Deed specifically states that BAC may obtain insurance coverage if a borrower fails to maintain insurance coverage. Schiller Aff., Ex. B, ¶ 5. As Beatty conceded at deposition, he has no evidence that he attempted to obtain replacement insurance after Homesite cancelled his insurance. Beatty Dep. at 54, ¶¶ 7-12. Accordingly, Beatty has not established a genuine issue

6

of material fact that BAC violated his contract based upon the cancellation of his homeowner's insurance.

## CONCLUSION

For the reasons stated above, Defendant BAC's Motion for Summary Judgment (ECF No. 22) is GRANTED and Plaintiff Beatty's Motion for Summary Judgment (ECF No. 12) is DENIED.

A separate Order follows.

Dated: June 21, 2011 /s/ _____
Richard D. Bennett
United States District Judge